IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| | : | |
| NABEEL HUSSAIN | : | |
| | : | |
| Debtor | : | Bankruptcy No. 26-10376 |
| | : | |
| | : | |
| NABEEL HUSAIN | : | Adv. Pro. No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF EDUCATION, et al | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

Plaintiff, Nabeel Husain, by and through his attorney, Robert H. Holber, Esquire, brings

the following complaint and alleges as follows:

### I. NATURE OF CASE

1. This is an action to declare the Plaintiff's student loan debt to Defendant, the United

States Department of Education ("USDOE"), dischargeable as an undue hardship under 11 U.S.c.

Section 523(a)(8).

### II. JURISDICTION AND VENUE

2. Plaintiff, on January 30, 2026, filed a voluntary Chapter 7 bankruptcy proceeding,

Case No. 26-10376.

3. The Court has jurisdiction pursuant to 28 U.S.C. Sections 1334 and 157. This is an

action to determine the dischargeability of a debt under 11 U.S.S. Section 523(a)(8), and as such, this is a core proceeding under 28 U.S.C. Section 157(b)(2)(I).  Plaintiff consents to the Bankruptcy Court's entry of a final order.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1409(a).

5. This is an adversary proceeding as defined by Fed. R. Bankr.P. 7001(6).

### III. PARTIES

6. Plaintiff is a resident at 7201 West Chester Pike, Upper Darby, PA 19082.

7. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave. SW, Washington, DC 20202.

8. Prior to filing bankruptcy, in the course of Plaintiff's education, Plaintiff borrowed approximately Twenty Eight Thousand Dollars ($28,000.00) in order to finance Plaintiff's education.  The current outstanding  balance of the student loans is approximately Twenty Eight Thousand Seven Hundred Thirty Four Dollars and Fifteen Cents ($28,734.15).

9. Plaintiff incurred the student loans while attending West Chester University of Pennsylvania.   No payments were due on these loans while Plaintiff was a full-time student.

10. Plaintiff completed his course of study and received a degree in May, 2023.

11. Plaintiff, under the terms of the loans, was required to begin payments six (6) months after enrollment in the school ended.

12. Plaintiff,  under the U.S. Department of Education's Standard Repayment Plan, would be required to maintain monthly payments of Two Hundred Ninety Two Dollars ($292.00) per month for ten (10) years in order to pay off the balance of the loans.

13. Debtor, since repayment on the student loans began, has:

    a. Received forebearances totalling approximately twenty-eight (28)  months

b. Applied for Income-Driven Repayment Plan (SAVE Plan).

14. Plaintiff is currently self-employed as a gig driver for Uber. His gross monthly income approximates Four Hundred Thirteen Dollars ($413.00). It is expected that income will end shortly, as the vehicle that he drives will be repossessed as he cannot afford payments. He has no other income. His father pays for the roof over his head.

## V. DETERMINATION OF DISCHARGEABILITY

16. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan " would impose an undue hardship on the debtor and the debtor's dependents". 11 U..C. Section 523(a)(8).

17. The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). A bankruptcy court must find, to discharge a student loan under the Brunner test, that the debtor has established that: (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan.

18. Plaintiff is unable to make payments towards his student loans. Plaintiff's discretionary income, after deducing reasonable and necessary expenses from his income, is insufficient to remit student loan payments as required under the loan agreement.

19. Plaintiff's current state of affairs is likely to persist, and his financial circumstances are unlikely to materially improve, for a significant portion of the debt repayment period.

20. Plaintiff has made a good faith effort as regards his student loans as he has requested forebearance agreements and applied for assistance under the SAVE program.

21. Plaintiff has been unable to secure permanent employment in his area of study of business management.

a. Plaintiff, from the time he graduated with a bachelor's degree, has sent out over one-hundred (100) resumes and cover letters to companies in the area and has been unable to secured a position within his area of study or any other full time employment.

b. Plaintiff has networked with relatives and friends who work at various companies in an effort to ascertain as to whether they might know of open positions in his field or other full time work and has been unable to secure a position within his area of study or other full time employment.

c. Plaintiff's current source of income, Uber driving, will soon end as his vehicle will be repossessed as he cannot afford the loan which liens the vehicle.  Plaintiff will then have no income at all.

22.  Plaintiff, based upon the foregoing facts and circumstances, cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order finding that excepting his student loans from discharge would impose an undue hardship as provided in 11 USC  Section 523(a)(8), declaring the student loans to be included in Plaintiff's discharge under Section 727(a), and for any other relief as the Court deems just and proper.

Respectfully submitted,

Robert H. Holber, Esquire
Law Office of Robert H. Holber, PC
41 East Front Street
Media, PA 19063
(610) 565-5463
rholber@holber.com